McMullen v. Kelso.

## McMullen v. Kelso, Ex'r of Gray.

Where there is no statement of facts or bill of exceptions, the giving or refusal of instructions to the jury can form no ground for the reversal of the judgment.

Where a contract is divisible, and the entire performance of it is prevented by the death of one of the parties, an apportionment should be allowed. (Note 51.)

In a suit on a title bond for specific performance, or, in case of disability to make title, then for damages, the jury found "for the plaintiff one-fourth of the value of the league of land in question, valued at one dollar per acre:" *Held*, That it was proper to enter judgment in favor of the plaintiff for the amount of money to which one quarter of a league of land would come at one dollar per acre.

Error from Bexar.

*Howard*, for plaintiff in error.

*Webb and Neill*, for defendant in error.

HEMPHILL, CH. J. This action was brought for the specific performance of a bond to make title to one league of land, or for compensation in the event that the defendant had in any manner precluded himself from making a full and perfect title. The defendant pleaded that the bond was obtained by fraudulent representations; that the consideration was professional services, which were never rendered; that he had previously employed George W. Lewis to prosecute the suit in which the testator was to have rendered his services; that he had executed a title bond to the said Lewis for another league of land; that he, Lewis, afterward became paralytic and had never rendered any or but little service to the defendant; that by the artful representations of the testator he was induced to transfer by deed the said league of land to Lewis, in order, as he had been induced to believe, that the [236] said Lewis might be enabled to convey the land to the testator for the purpose of securing his professional services to the final termination of the suit. He further alleges that shortly after said conveyance the testator assured him that he was the partner of Cornelius Van Ness, a lawyer of acknowledged ability, and to secure his services it would be necessary to assign to him, the testator, a league of land; that the said Van Ness was not engaged by said Gray as assistant counsel in behalf of the defendant, but was retained by the adverse party in the said suit, and that he was induced by the false and fraudulent representations of the testator to make the bond described in the plaintiff's petition; that the first league was received by Gray in remuneration for his services; that he is not aware of any having ever been rendered by said Gray, etc.; and that it would be inequitable to make him liable in the premises. In an amended answer he alleges that the services of both Lewis and Gray were not worth more than one hundred dollars; that the league conveyed to Lewis, and from him to Gray, is worth five or six thousand dollars; that Gray had full notice of the consideration and condition of the said contract and deed of conveyance. The defendant avers that the said Lewis and Gray having failed to comply on their part, he is not bound to pay anything, and at all events not more than their services are reasonably worth in money, or such part of the land as would be a reasonable compensation for the services actually rendered. The defendant prays for a rescission of his contract with both Lewis and Gray, that the answer may be taken as a cross petition, etc.

The cause being submitted to a jury, they found for the plaintiff one-fourth of the value of the league of land in question, valued at one dollar per acre.

There is no statement of facts or bill of exceptions. Several instructions were asked by the plaintiff, all of which were refused except one to the effect that if they believed from the testimony that there was a conditional contract

## McMullen v. Kelso.

divisible to [**237**] perform services, and that those services were partially performed, they should in that case find a verdict for their value.

Whether this instruction was applicable to the facts elicited by the evidence cannot be determined, as they have not been sent up with the record. There may have been a condition that if the services were partially performed, a proportional payment should be made. If that were the case, the instruction would be literally correct; but if not, the question of the divisibility of the contract would be one of law, to be determined by the court and not the jury. That the contract was divisible under the circumstances there can be but little doubt. When the act of God, such as the death of the testator, for instance, prevents the entire performance of the contract, it should not operate to the prejudice of either party, and an apportionment should be allowed. (4 McC. R., 246, 247; 2 Bail. R., 424, 488.) It would be fruitless labor, however, to imagine circumstances and facts under which the instruction would be correct, or the reverse.

There being no facts sent up with the record, it will be unnecessary to examine further the above instruction or the one which was asked by the defendant and refused. They stand upon the record as abstract propositions; and whether the giving the one or refusal of the other operated injuriously to the defendant cannot be ascertained from the record, and can form no ground for revision or reversal of the judgment. (Holman v. Britton, 2 Tex. R., 297; State v. Chandler, 2 Tex. R., 305.)

After verdict a motion was made by the defendant that judgment be entered for one-fourth of a league of land, or the value thereof, assessed by the verdict; and the defendant tendered a conveyance and offered to show to the court that he was able to convey the same, the title to the same being still vested in the defendant as fully as at the time said bond was executed. The motion was overruled, and this is assigned for error.

Had the jury found that the petitioner was entitled to one-fourth [**238**] of a league of land, or its value, the motion would have been proper and would have doubtless been sustained. But the verdict is not in the alternative. They find the value of the land, and on this a judgment for money alone could be rendered. The petition prays for compensation if the defendant has disabled himself from making title; and the defendant, in answer, offers to pay either money or land for the value of the services actually rendered. There may have been sufficient evidence to induce the belief that the defendant had precluded himself from making title; or from the tender of the defendant to perform in the alternative the jury may have supposed either mode of payment to be equally convenient, and therefore found in one only.

If the jury were misled by the pleadings of the defendant, he cannot complain. But the main ground on which rests the verdict is that there may have been proof of the disability of the plaintiff to make title, and the offer to show this fact would be retrying an issue made by the pleadings and already determined. If evidence of the fact had not been introduced, and the defendant had not offered payment in the alternative, the jury would not have been justified in finding a verdict for compensation when specific performance was the relief primarily sought, and the other prayed for only on the contingency that specific execution could not be had.

Judgment affirmed.

NOTE 51.—Hutchins v. Wade, 20 T., 7; Bart v. Alford, 22 T., 399; Fulgham v. Bendy, 23 T., 64; Hodges v. Longcope, 23 T., 155; Thompson v. Callison, 27 T., 238; Anding v. Perkins, 29 T., 348; Davis v. Calhoun, 41 T., 554. To reverse a judgment in the absence of a statement on account of error in excluding evidence apparent from a bill of exceptions, it must appear not only that the court had erred, but that such error must with reasonable certainty have produced a substantial injury to the party or his cause. (Galbreath v. Templeton, 20 T., 45; McCarty v. Wood, 42 T., 58.)